| | |
|---|---|
| **TRAY W. EASON**<br>45 South View Drive, Huntingtown, MD 20639 | * IN THE CIRCUIT COURT |
| Plaintiff | * FOR |
| v. | * CALVERT COUNTY, MARYLAND |
| **ANFI, INC.**<br>1310 Martin Luther King Drive<br>Bloomington, IL 61701 | * |
| | * RWT 08 CV 128 |
| Serve on: Gregory J. Donovan<br>404 Brock Drive<br>Bloomington, IL 61701 | * Case #: 2-C-07- 1644  OC |
| and | * |
| **TRANS UNION, LLC**<br>1013 Centre Road, Wilmington, DE 19805 | * |
| Serve On: CSC-Lawyers Incorporating<br>Services Company<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * |
| and | * |
| **EQUIFAX INFORMATION SERVICES LLC**<br>1550 Peachtree Street, NW, Atlanta, GA 30309 | * |
| Serve On: CSC-Lawyers Incorp. Serv. Co. | * |
| and | * |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | * |
| 505 City Parkway West, Orange, CA 92668 | * |
| Serve On: The Corporation Trust Incorporated<br>300 E. Lombard St.<br>Baltimore, MD 21202 | * |
| Defendants | * |

FILED 2001 NOV 30 A 11: 33 CALVERT COUNTY CLERK CIRCUIT COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

### *Preliminary Statement*

This suit contains both individual and class claims, and concerns a buyer (AFNI) of very old time-barred telephone accounts who collects the alleged debts by unfair and illegal means, including form letters and false reporting of credit information in order to 're-age' the accounts to appear younger than they really are, and the credit reporting agencies (CRAs) that regularly fail as required to investigate the disputes that inevitably arise from this illegal collection of time-barred accounts.

Plaintiff Tray W. Eason seeks recovery of actual damages, statutory damages, costs and attorneys fees from Defendants for violations of the Fair Debt Collection Practices Act, (FDCPA),15 U.S.C. § 1692, the Maryland Consumer Debt Collection Act (MCDCA), Maryland Commercial Law Article (CL) § 14-202, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Maryland Consumer Credit Reporting Agencies Article, CL §§ 14-1201 to1214.

Plaintiff sues Defendant AFNI, Inc. (AFNI) for attempting to collect an alleged debt that was barred by the statute of limitations, for adding an illegal 15% "Collection Fee" to which it was not entitled, for falsely reporting to the credit reporting agencies that the debt was owed, for failing to conduct an investigation in response to Plaintiff's disputes to the credit reporting agencies, and for falsely creating an alleged payment on the alleged debt in a fraudulent attempt to re-age the debt and get around the statute of limitations and reporting requirements.

Plaintiff sues Trans Union, LLC (TU), Equifax Information Services LLC, (Equifax), Experian Information Solutions, Inc. (Experian) for failing to conduct a reasonable investigation into Plaintiff's credit disputes, and for failing to remove incorrect information from Plaintiff's credit report, and against TU for refusing to accept information from Plaintiff during his dispute with AFNI.

## JURISDICTION AND VENUE

1.    Jurisdiction is proper under 15 U.S.C. § 1692k(d) (FDCPA) and 15 U.S.C. § 1681p (FCRA).

2.    Venue is proper in this Court because the suit is based on Defendants' acts that took place

in the County, including collection letters sent to Plaintiff by AFNI, Inc., and a letter sent to

this County to Plaintiff by TU, and all Defendants' regular business activities in this County.

## PARTIES

3.    Plaintiff, **Tray W. Eason** (Eason) is an individual who lived at all times relevant to this suit

at 45 South View Drive, Huntingtown, MD 20639 in Calvert County, Maryland.

4.    **AFNI, Inc.** (AFNI) is a debt buyer and collection agency that regularly buys and attempts

to collect alleged debts, with offices in Illinois and Arizona.  One of the principal purposes

of AFNI is the collection of consumer debts using the mails and/or telephone, and it regularly

attempts or attempted to collect debts alleged to be due another, and is licensed to do

business as a collection agency by the Maryland Department of Labor, Licensing and

Regulation with license numbers 1866 and 4687.

5.    Defendants Trans Union, LLC (TU), Equifax Information Services LLC, (Equifax), Experian

Information Solutions, Inc. (Experian) are national credit reporting agencies (CRAs).

6.    AFNI is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "collector"

as that term is defined by the MCDCA, CL § 14-201(b).

## FACTS ALLEGED

### AFNI collection efforts against Plaintiff during 2007

7.    On January 31, 2007 AFNI sent **COLLECTION LETTER #1** to Plaintiff attempting to

collect $392.19, plus a 15% "Collection Fee" of $58.82, for a total of $451.01, on an old

account ('Account') for which the original creditor was Alltel with account # MV227KC, and which stated that AFNI may report information about the Account to credit bureaus.

8.  AFNI had no right to add on a collection a 15% "Collection Fee" on the Account, even if the principal amount of any alleged debt was due and not time-barred.

9.  AFNI bought this alleged debt after the Account was in default status and charged off.

10. The alleged debt in this Account was past the applicable three years statute of limitations in Maryland, and AFNI knew that the alleged debt was much older than three years old.

11. Plaintiff promptly disputed the alleged debt with AFNI after he received the January 31, 2007 **COLLECTION LETTER #1**, including sending AFNI a letter on February 2, 2007, requesting proof of verification of the alleged debt on the Account.

12. Within a few weeks or months of January 31, 2007 AFNI started reporting the Account to the three major credit reporting agencies (CRAs).

13. Plaintiff disputed the Account with all three CRAs, starting with Experian via an online dispute process during May 2007, and with Equifax on June 6, 2007 (#7157047120).

14. On or about June 9, 2007, Experian contacted Plaintiff and stated that it had investigated Plaintiff's dispute with AFNI, and that AFNI had verified the Account.

15. In fact, Experian never really did its own independent investigation of the Account, and did nothing more than simply send scant information via its automated system to AFNI, which is the same way Experian handles the majority of consumer credit disputes, and Experian then parroted back to Plaintiff the information or response it got from AFNI.

16. On June 13, 2007 Plaintiff faxed a letter to AFNI, again disputed the debt, requested proof of the Account, and demanded that AFNI only contact him in writing.

17.    On June 20, 2007 Plaintiff disputed the Account online with Experian.

18.    On July 11, 2006 Equifax sent Plaintiff a letter stating it had researched Plaintiff's dispute

       with AFNI, and that Equifax had verified that the Account belongs to Plaintiff.

19.    In fact, Equifax never really did its own independent investigation of the Account, and did

       nothing more than simply send scant information via its automated system to AFNI, which

       is the same way Equifax handles the majority of consumer credit disputes, and then Equifax

       parroted back to Plaintiff the information or response it got from AFNI.

20.    On July 17, 2007 AFNI sent Plaintiff **COLLECTION LETTER #2** for the $451.01, with

       a new creditor account # of 6301851918, which included a slip for a payment, and stated:

       "We have received your dispute but we are unable to investigate at this time. You have
       provided insufficient information to substantiate your claim. We will complete our
       investigation within 30 days of receipt of the following information:

             * The specific information you dispute

             * An explanation of the basis of your dispute

             * All supporting documentation to substantiate your claim. Examples may include
             but is not limited to, photocopy of your driver's license, the identification page of
             your passport, proof of residency at time of service, receipts, etc.

             * A valid phone number to contact you."

21.    On July 17, 2007 Plaintiff mailed a letter to Trans Union, Equifax and Experian, again

       disputing the Account, advising that he had not had an Alltell account in over 9 years, had

       not lived in their area of cellular coverage in over 7 years, stating that he believed he did not

       owe Alltell anything when he last had dealings with them, and provided a copy of his June

       13, 2007 faxed letter to AFNI and advised the CRAs that AFNI had not responded.

22.   On July 20, 2007 Trans Union sent Plaintiff a letter (File # 172171280) acknowledging his dispute letter, but told Plaintiff that "We are unable to accept the documentation you sent."

23.   On July 24, 2007 Trans Union sent Plaintiff a letter advising that Trans Union had placed an Initial Fraud Alert for 90 days on Plaintiff's credit file.

24.   On July 24, 2007 Experian sent Plaintiff a "Report" (#2447224041) advising that it had placed an Initial Security Alert for 90 days on Plaintiff's credit file.

25.   On July 25, 2007 AFNI sent Plaintiff **COLLECTION LETTER #3** seeking $451.01, and with the same information requests in AFNI's July 17, 2007 **COLLECTION LETTER #2.**

26.   On July 26, 2007 Plaintiff obtained online copies of his credit reports, and saw for the first time that his Equifax report had been changed, and that AFNI was reporting to Equifax that Plaintiff had made payments on the Account from December 2006 through May 2007.

27.   Plaintiff never made any payments to Alltel, AFNI, or anyone else related to the Account at any time after December 31, 1999, and likely not since one or two years earlier than then.

28.   AFNI's reporting to the CRAs that Plaintiff made Account payments during 2006 or 2007 was intentionally and knowingly false and inaccurate information.

29.   AFNI's reported false Account payments to the CRAs in order to "re-age" the debt so that it would appear newer or fresher, to enhance collection and put pressure on Plaintiff to pay.

30.   On July 28, 2007 AFNI sent Plaintiff **COLLECTION LETTER #4** seeking $451.01, and with the same information requests in as in AFNI's **COLLECTION LETTER**s #2 and 3.

6

31.     On July 28, 2007 Trans Union sent Plaintiff a letter and copy of his TU credit report indicating AFNI had again verified the account in 7/2007, and reporting $451 as still due.

32.     On July 31, 2007 AFNI sent Plaintiff **COLLECTION LETTER #5** seeking $451.01, and with the same information requests in as in AFNI's **COLLECTION LETTER**s #2-4.

33.     On July 31, 2007 Trans Union sent Plaintiff a letter and copy of his TU credit report indicating AFNI had again verified the Account in 7/2007, and reporting $451 as still due.

34.     On July 31, 2007 Equifax sent Plaintiff a letter that was the same as Equifax's July 11, 2007 letter, and stated that Equifax researched the Account and verified it belonged to Plaintiff.

35.     On August 2, 2007 Trans Union sent Plaintiff a letter stating its "Investigation Results" for the Account as "VERIFIED, NO CHANGE." This same TU letter identified the AFNI Account with #2019694282, a number not used by TU, AFNI, or the original creditor.

36.     On August 2, 2007 AFNI sent Plaintiff **COLLECTION LETTER #6** seeking $451.01, with the same information requests in as in AFNI's **COLLECTION LETTER**s #2 to 5.

37.     AFNI's Collection Letters #2-6 were harassing and abusive, because they falsely state that AFNI is unable to investigate, falsely state that Plaintiff had provided insufficient information, falsely imply a duty on Plaintiff to provide information to AFNI, request personal information that is not related to the Account or Plaintiff's dispute, and request a phone number to contact Plaintiff even after Plaintiff advised AFNI in writing and AFNI was aware that Plaintiff only wished to communicate in writing, and because the letters continue to collect $451 on the Account including a 15% Collection Fee AFNI was not entitled to.

7

**Illegal collection and reporting of a Debt not actually owed**

38. Despite Plaintiff's disputes, AFNI, Equifax and Experian all continue to report the Account in Plaintiff's name as a collection account with a past balance due of over $451.

39. AFNI failed to do a reasonable investigation into each of Plaintiff's disputes to the CRAs.

40. AFNI is attempting to collect a debt, interest, fees and/or cost that are not owed by Plaintiff.

41. AFNI's **COLLECTION LETTERs** to Plaintiff are form letters and each one violated the FDCPA and MCDCA.

42. No Defendant ever provided Plaintiff with proof or verification of the debt allegedly owed.

43. AFNI failed to report to each of the three CRAs that Plaintiff disputed the Account.

44. All three CRAs failed to report on Plaintiff's credit reports that he disputed the Account.

45. Plaintiff's disputes with the CRAs constitute written communications to AFNI..

46. Each Defendants' conduct is outrageous and willful towards Plaintiff and the class.

**Unauthorized access to Plaintiff's credit report**

47. In December of 2006 AFNI requested and obtained Plaintiff's Trans Union credit report without Plaintiff's permission or authorization or other lawful purpose, because AFNI did not own the Account or debt it was supposedly trying to collect, and the statute of limitations on the alleged debt was past and AFNI knew this.

**Additional allegations**

48. Defendant AFNI's actions are part of a pattern of illegal and abusive debt collection.

8

49. AFNI and its employees failed to take reasonable steps initially and after each of Plaintiff's disputes to investigate the validity of the debt they were attempting to collect, and on information and belief, did no independent or separate investigation, or certainly no reasonable investigation, as part of a pattern and practice of a debt collection mill.

50. AFNI knew or should have known that the very old accounts it collects were often time barred and of questionable validity, because it regularly buys and collects such accounts, and because of the actual price AFNI pays for such accounts including Plaintiff's Account.

51. AFNI was previously sued for trying to collect the same illegal 15% Collection fee in a class action which was certified on August 9, 2006, in *Seeger v. AFNI, Inc.*, 2006 WL 2290763 E.D. Wis., and thus was on notice that what it was doing was illegal and an unfair practice.

52. All three CRAs and their employees failed to undertake a reasonable investigation into the disputes Plaintiff made concerning the validity of the debt and the Account that AFNI was attempting to collect, and on information and belief, did no independent or separate investigation at all, and only did each CRA's standardized automated consumer dispute verification (CDV) process as part of a longstanding pattern and practice, despite multiple complaints, lawsuits, and government enforcement actions complaining about this process and its limitations and actual or likely violation of the FCRA.

53. Defendants all failed to exercise a duty of reasonable care towards Plaintiff, which was a proximate cause of the damages to Plaintiff, who was not contributorily negligent.

54. All Defendants owed a duty to conform to a standard of care toward Plaintiff' expectations of privacy and freedom, and breached their duties of care towards Plaintiff, and these

breaches were the proximate cause of actual legal damage or loss suffered by Plaintiff.

55. No defendants maintained reasonable procedures to comply with the violations alleged.

56. All three CRAs have been and continue to be sued for violations of the FCRA, and are on notice of the illegality and failures of their dispute handling, but refuse to change them.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings certain claims individually and as the representative of all members of a Plaintiff class or subclasses pursuant to Rule 2-231, represented by Plaintiff and identified preliminarily as follows:

58. **CLASS #1**: Those persons against whom AFNI attempted to collect a 15% collection fee.

59. **CLASS #2**: Those persons from whom AFNI collected any amount or portion of a Collection Fee to which AFNI was not entitled to collect.

60. **CLASS #3**: Those persons who received a letter the same or substantially similar to AFNI **COLLECTION LETTER**s #2 to 6.

61. The classes defined above are identifiable. Plaintiff is a member of the classes above. On information and belief, Plaintiff alleges that the members of each class number over 200 and constitute a size so numerous that joinder of all class members is impracticable.

62. There are questions of law and fact common to the Plaintiff and to each of the proposed classes, including but not limited to the following:

(A) Whether the Defendants violated the FCRA or FDCPA promulgating regulations.

(B) Whether the Defendant AFNI sent each class member a collection letter attempting to

10

collect a 15% fee.

(C) Whether the 15% collection fee is allowed by contract or law.

(D) Whether the accounts AFNI collected were time barred by a statute of limitations.

(E) Whether the Defendants' actions were willful or intentional or malicious or negligent.

(F) Whether AFNI re-aged the debts by reporting payments that were not made.

(G) Whether the AFNI knew its debts were aged and/or unreliable.

(H) Whether AFNI's letters were confusing to the least sophisticated consumer.

(I) Whether Plaintiff and the class are entitled to damages as a result of Defendant's actions, including statutory damages for willful violations of any laws.

(J) Whether AFNI's letters requested information it was not entitled to or were unfair.

(K) Whether defendant's acts or conduct was malicious, willful, repeated or knowing.

(L) Whether Defendant actually collected money from any class member.

63.    Plaintiff's claims are typical of the claims of the class.

64.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the proposed class, and he will be represented by counsel skilled and experienced in class actions and in the FDCPA, FCRA, MCDCA, and related consumer laws and/or regulations.

65.    Defendant's actions are generally applicable to the class as a whole, and Plaintiff and the class seek equitable remedies with respect to the class as a whole within the meaning of Rule 2-231(b)(2).

66.    Common questions of law and fact predominate over questions affecting only individual

members of the class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and because they may not know of the protections afforded them under the applicable laws.

### Plaintiff's Individual Damages

67.    As a result of Defendants' actions, Plaintiff suffered damages, including mental and/or emotional stress and confusion, having to spend time writing letters to defendants and government entities to resolve the issue, doing legal or other research, having to make disputes and request, obtain and gather credit reports and other documents in order to try to get the Defendants' inaccurate and damaging information removed from his credit report, having to consult with an attorney and incurring actual or potential legal fees, and out of pocket expenses for copying of documents for his attorney, and statutory damages.

### COUNTS 1-11 Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

Plaintiff incorporates herein for all the following Counts the paragraphs above, and alleges that the defendant collector (AFNI) violated the following FDCPA provisions:

**COUNT 1.** § 1692d (Harassment or abuse)

**COUNT 2.** § 1692e (False or misleading representations)

**COUNT 3.** § 1692f (Unfair practices)

**COUNT 4.** § 1692g (Validation of debts - failure to validate )

**COUNT 5.** § 1692e(2)(A) - false representation of the character or amount of a debt.

**COUNT 6.** § 1692e(2)(B) - false representation of compensation which may be lawfully received by any debt collector for the collection of a debt.

**COUNT 7.** § 1692e(5) - threats to take action that cannot legally be taken or not intended to be taken

**COUNT 8.** § 1692e(8) - communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**COUNT 9.** § 1692e(10) - false representation or deceptive means to collect or attempt to collect a debt or information concerning a consumer.

**COUNT 10.** § 1692f(1) - collecting an amount not (including any interest, fee, charge, or expense) expressly authorized by the agreement creating the debt or permitted by law.

**COUNT 11.** § 1692g(b) - failure to validate a disputed debt and/or to cease collection of the debt

**COUNTS 12-14 Violations of the Maryland Consumer Debt Collection Act (MCDCA),**

**Maryland Ann. Code, Commercial Law article (CL) § 14-202**

68. Defendant AFNI's actions violated the following MCDCA provisions:

**COUNT 12.** CL § 14-202(3) - disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false.

**COUNT 13.** CL § 14-202(6) - communicating with the debtor in any manner as reasonably can be expected to abuse or harass the debtor.

**COUNT 14.** CL § 14-202(8) - claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist

**COUNTS 15-19 - Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA)**

69.     **COUNT 15.  AFNI** negligently and/or willfully violated the FCRA's prohibitions on accessing a credit report without permission, in violation of 15 U.S.C. § 1681b(f).

70.     **COUNT 16.  AFNI** negligently and/or willfully violated 15 U.S.C. § 1681s-2(b)(1)(A)-(E) by failing to conduct a reasonable investigation of the disputed information.

71.     **COUNT 17.  Equifax, Experian and Trans Union** violated 15 U.S.C. § 1681c(a)(4) by making a consumer report containing an account placed for collection or charged to profit and loss which antedate the report by more than seven years.

72.     **COUNT 18.  Equifax, Experian and Trans Union** negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the credit report relates.

73.     **COUNT 19.  Equifax, Experian and Trans Union** negligently and/or willfully violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is accurate or inaccurate.

74.     **COUNT 20.  Equifax, Experian and Trans Union** negligently and/or willfully violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the item of information disputed by the consumer from the consumer's credit file.

75.     Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

76.     Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of  (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorney's fees.

### COUNTS 21 -26 - Violation of the Maryland "FCRA"

77.     **COUNT 21.  AFNI** violated Md. Ann. Code, Commercial Law Art. (CL) § 14-1202(a) by willfully and/or negligently obtaining Plaintiff's credit report for Defendant's benefit, without a permissible reason and without Plaintiff's consent, damaging Plaintiff.

78.     **COUNT 22. Equifax, Experian and Trans Union** violated CL § 14-1203(a) by making a consumer report containing an account placed for collection or charged to profit and loss which antedate the report by more than seven years.

79.     **COUNT 23. Equifax, Experian and Trans Union** violated CL § 14-1205(b) by failing to follow in its preparation of a consumer report the reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who the report relates.

80.     **COUNT 24. Equifax, Experian and Trans Union** violated CL § 14-1208(a)(1) by failing to perform the required reinvestigation when Plaintiff disputed the Account.

81.     **COUNT 25. Equifax, Experian and Trans Union** violated CL § 14-1208(a)(2) by failing to delete within 7 business days the information from Plaintiff's credit report or file.

15

82.   **COUNT 26. Trans Union** violated CL § 14-1208(a) in its July 20, 2007 letter (File #

172171280) by stating it could not accept Plaintiff's dispute documents, when it is required

to accept them and provide the relevant portion to the information furnisher (AFNI).

### RELIEF AND DAMAGES SOUGHT

83.   Plaintiff incorporates all previous paragraphs fully herein for all of the Counts below:

### CLASS ACTION CLAIMS AND DAMAGES

84.   Plaintiff seeks statutory and actual damages, costs, reasonable attorneys fees, and the return

of any illegal fees paid by any class member with prejudgment interest, against AFNI on

behalf of a class of persons in Maryland defined preliminarily by Classes 1, 2 and 3 for trying

to collect a fee not entitled to, actually collecting a fee, and illegal and unfair collection

letters, in violation of the FDCPA, 15 U.S.C. §§  1692d, 1692e, and 1692f, and MCDCA.

### Individual Action Claims

Plaintiff seeks damages individually as follows for the following federal and state violations:

### FDCPA

85.   (1)   actual damages for each separate violation of the FDCPA by each individual

Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);

(2)   statutory damages of $1,000 for each separate violation of the FDCPA by each

Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)   costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

### Maryland Consumer Debt Collection Act (MCDCA)

(4)   actual damages, costs and reasonable attorneys fees for each separate violation of the

16

MCDCA;

(5)      such other relief as the Court deems just and equitable, including correction of and enjoining Defendants' unlawful and unfair collection and credit reporting practices.

## FCRA

### Negligent FCRA Violations

86.     Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

87.     Defendants are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees, and subject to (iii) injunctive relief.

### Willful FCRA Violations

88.     Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorney's fees.

89.     For Defendants' willful failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; (iv) the costs of this action together with reasonable attorneys' fees; and (v) injunctive relief.

### Maryland FCRA

90.  Per Maryland CL Art. § 14-1213(a) (willful violations) and/or (b) (negligent violations),
     Plaintiff seeks actual damages, punitive damages, costs and reasonable attorneys fees.


     WHEREFORE Plaintiff seeks actual, statutory and punitive damages in excess of $25,000,
plus costs and reasonable attorneys fees, pre-judgment interest, injunctive relief, and for such other
appropriate relief.


### REQUEST FOR JURY TRIAL

The Plaintiff requests a jury trial for all such issues triable to a jury.



Respectfully Submitted,



Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax: (410) 510-1870


*Attorney for Plaintiff*

November 29, 2007

18



Mich. S. Worsham
1916 Cosner Road
Forest Hill, MD 21050

RESTRICTED
DELIVERY

7007 1490 0002 9665 5258

RETURN RECEIPT
REQUESTED

U.S. POSTAGE
FOREST HILL, MD
DEC 14 '07
$10.89
0002589-11

21202

CSC - Lawyers Incorporating Service Co.
7 Saint Paul St.
Suite 1660
Baltimore, MD 21202